# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**SANTA FE COUNTY MAGISTRATE COURT,**

        **Plaintiff,**

vs.                                                    No. CR 17-3079 JCH

**JAMES K. JOYCE,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court *sua sponte*. Having considered the Defendant's Notice of Removal [Doc. 1], the relevant case law, and otherwise being fully advised in the premises, the Court will summarily remand this case back to the Santa Fe County Magistrate Court.

## BACKGROUND

This is the second time that Defendant James K. Joyce recently has attempted to remove a state court criminal matter against him to this federal district court. On September 28, 2017, Mr. Joyce attempted to remove state criminal proceedings, resulting in *Santa Fe Magistrate Court v. James K. Joyce*, Case No. 17cr2665 JCH. In a Memorandum Opinion and Order entered on October 5, 2017 [Doc. 3] in that prior case, this Court carefully explained why Mr. Joyce's removal was improper. The Court then remanded that case back to state court.

Now, Mr. Joyce has attempted to remove his criminal proceedings yet a second time. On November 3, 2017, he filed both his Notice of Removal [Doc. 1] and his Motion for Injunctive Relief and Temporary Restraining Order [Doc. 2] in this case.

**DISCUSSION**

In its previous Memorandum Opinion and Order entered in 17cr2665, the Court set out in detail the standards the govern removal of a criminal case to federal district court. The Court will not repeat that information again here.

It appears that Mr. Joyce's removal of this case fails for the same reasons as the removal of his previous case. There is no indication in the Notice of Removal that Mr. Joyce is an officer of the United States, a property holder whose title is derived from any such officer, an officer of the Courts of the United States, an officer of the House of Congress, or a member of the armed forces. Accordingly, his criminal case is not removable under 28 U.S.C. §§ 1442 and 1442a.

Furthermore, because Mr. Joyce has not alleged that he either was, or was acting with or for, a federal officer or agent executing his duties under any federal civil rights laws, the Court concludes that this cases cannot removed under 28 U.S.C. § 1443(2).

Finally, the case cannot be removed under subsection (1) of 28 U.S.C. § 1443 because Mr. Joyce does not allege that he was deprived of a right "under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). Accordingly, removal is improper under § 1443(1). Because it "clearly appears on the face of the notice and [the] exhibits annexed thereto that removal should not be permitted," § 1455(b)(4), the Court will summarily remand this case back to the Santa Fe County Magistrate Court.

However, it appears from both his Notice of Removal and his motion for injunctive relief that Mr. Joyce may be attempting to assert some civil claims against law enforcement officers and others. If that is in fact the case, Mr. Joyce cannot assert those claims by removing a state court criminal case. Instead, Mr. Joyce must file a separate civil lawsuit. The Court refers him to

the Federal Rules of Civil Procedure, which are publicly available online, for further information on how to proceed in that manner if he so wishes.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Santa Fe County Magistrate Court.

_____
**UNITED STATES DISTRICT JUDGE**